### Edward M. Quirk *v.* John Haskins & Co.

A party to a suit, interrogated on facts and articles, may state, in addition to such matters as are intended to be elicited by the interrogatories, any other matters, by way of defence, provided they are closely allied to those facts sought to be drawn from the party by the interrogatories.

An employer is the sole judge of the competency of those whom he chooses to employ ; and so long as the employee is on trial, the employer has the right to determine for himself whether he possesses the proper qualifications and habits for his business.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *J. Q. Bradford* and *Foute & Clinch*, for plaintiff and appellant. *Hays & Adams*, for defendants.

Merrick, C. J. This suit is to recover a salary of $1000 per annum, alleged to be due the plaintiff, who, having been engaged by the defendants as a shipping clerk at their cotton press, was discharged before the expiration of the second month.

In order to prove the contract, the plaintiff propounded interrogatories to the defendant, *G. W. Parker.*

The answers to the interrogatories, and much testimony on the competency of the plaintiff to perform the duties of shipping clerk, make the present case, which has been decided by the lower court in favor of the defendants.

The interrogatories propounded are the following, viz :

"Are you not a member of the firm of *John Haskins & Co.?* Did you not engage the plaintiff, *E. M. Quirk*, to serve you in the capacity set forth in the original petition, at a salary of one thousand dollars per annum ? Under said contract, at what time did said plaintiff enter into the employ of said defendants ? Was it not on or about the 1st of October, 1858, or thereabouts ? Was not the agreement between you, that he should stay one month on probation ? How long did he remain until discharged by you ? Was it not until December 3, 1858 ? "

To these questions *Parker* answered :

" I am a member of the firm of *John Haskins & Co.*, defendants herein. As a member of said firm, I engaged the plaintiff, *E. M. Quirk*, to serve as a shipping clerk in the Factor's cotton press. The understanding and agreement with the said *Quirk* was, that if he, upon trial, gave satisfaction, he was to be engaged for one year, or until the end of our business year, say until the 1st of September next thereafter, at a salary of one thousand dollars per year."

" Under said contract and agreement, the plaintiff entered into the employment of defendants, on or about the 1st day of October, 1858."

" It was agreed that he, plaintiff, should stay one month on probation, and before the termination of the month of his probation, he was found to be utterly disqualified for the position for which he was employed, and was so informed repeatedly by affiant. Plaintiff requested to be allowed to remain longer, that he might try and become qualified for the position, and agreed that if he did not qualify himself, he would leave whenever desired to do so. At his own solicitation, plaintiff continued with defendants, but was very soon found utterly incompetent to attend to the duties of shipping clerk, and another person was employed to take his place. Plaintiff continued with defendants after his place had been supplied, until about the 1st of December, 1858, when he was informed that he

was not able to attend to their business, that they had no further use for his services, and that he would be settled with by calling on their clerk, which he did, and was settled with."

We see no objection to the answers to the interrogatories. Those matters stated by way of defence are closely allied to the matters sought to be drawn from the defendant by the interrogatories.

An attempt has been made to invalidate the answers, by showing, by witnesses, that the plaintiff was competent as a clerk.

The view, however, which we take of the case, renders it unnecessary to consider this evidence; for the defendant was not under an obligation to employ the plaintiff because other people deemed him competent. *Parker* and his partners were the sole judges of the competency of those whom they chose to employ; and so long as the plaintiff was on trial, the defendants had the right to determine for themselves whether he possessed the proper qualifications and habits for their business.

The answers to the interrogatories show that the plaintiff never was absolutely engaged for the year; and as there is no adverse proof in regard to the contract, the case is with the defendants.

Judgment affirmed.